**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS DAUNT,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>    Defendant. | ) Case No. CV 11-7491-SP<br>)<br>)<br>)<br>) **MEMORANDUM OPINION AND**<br>) **ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |

**I.**

**INTRODUCTION**

On September 15, 2011, plaintiff Thomas Daunt filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties' briefing is now complete, and the court deems the matter suitable for adjudication without oral argument.

Three issues are presented for decision here: (1) whether the Administrative

Law Judge ("ALJ") properly evaluated the opinion of plaintiff's treating physician; (2) whether the ALJ properly considered the opinion of the medical expert in determining plaintiff's residual functional capacity; and (3) whether the ALJ properly evaluated plaintiff's credibility and subjective symptoms. Pl.'s Mem. at 3-4, 5-7, 7-8; Def.'s Mem. at 2-4, 4-5, 5-8; Reply at 1-2, 2-3, 3-4.

Having carefully studied, inter alia, the parties' written submissions and the Administrative Record ("AR"), the court finds that, as detailed herein, the ALJ properly considered the medical expert's opinion in determining plaintiff's residual functional capacity. In addition, the ALJ properly rejected both plaintiff's subjective complaints and the opinion of plaintiff's treating physician. Therefore, the court affirms the Commissioner's decision denying benefits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was fifty-three years old on the date of his January 20, 2010 administrative hearing, has three years of college education and a certificate in truck driving. AR at 10, 139-40. His past relevant work includes employment as a truck driver, truck delivery driver/loader and unloader, overnight stock clerk, spray painter, car washer, and crane operator. *Id.* at 38-39.

On March 25, 2008, plaintiff applied for DIB and SSI, alleging that he has been disabled since June 23, 2007 due to arthritis in the back. *See* AR at 52, 127, 135. Plaintiff's applications were denied initially and upon reconsideration, after which he filed a request for a hearing. *Id.* at 52, 64-67, 70-74, 76.

On January 20, 2010, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. AR at 9-34, 37, 42. The ALJ also heard testimony from Dr. Thomas J. Maxwell, a medical expert ("ME"), and Elizabeth G. Ramos, a vocational expert ("VE"). *Id.* at 33-36, 37-42; *see also id.* at 104-06, 108. On January 29, 2010, the ALJ denied plaintiff's request for benefits. *Id.* at 52-59.

Applying the well-known five-step sequential evaluation process, the ALJ

found, at step one, that plaintiff has not engaged in substantial gainful activity since June 23, 2007, his alleged disability onset date. AR at 54.

At step two, the ALJ found that plaintiff suffers from severe medically determinable impairments consisting of: "degenerative changes at multiple levels of the cervical spine, resulting in stenosis and nerve root compression at C5-6, with anterolisthesis at C3-4 and degenerative changes of the lumbosacral spine." AR at 54 (emphasis and internal citations omitted).

At step three, the ALJ determined that the evidence does not demonstrate that plaintiff's impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR at 55.

The ALJ then assessed plaintiff's residual functional capacity ("RFC")[1] and determined that he can perform light work with the following limitations: occasionally lift and carry twenty pounds; frequently lift and carry ten pounds; sit, stand, and walk without significant limitation; occasionally push and pull; occasionally perform postural activity, but is precluded from climbing ropes, ladders, and scaffolds; and must avoid workplace hazards such as dangerous machinery and unprotected heights. AR at 55.

The ALJ found, at step four, that plaintiff is unable to perform any of his past relevant work. AR at 57.

At step five, the ALJ determined that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational

---

[1] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007) (citation omitted).

Rules as a framework supports a finding that [plaintiff] is 'not disabled,' whether or not [plaintiff] has transferable job skills." AR at 58 (emphasis omitted). Because the ALJ determined that plaintiff suffers from exertional and non-exertional limitations, the ALJ enlisted the help of the VE to determine the extent the non-exertional limitations erode the unskilled light occupational base. *Id.* Based upon plaintiff's vocational factors and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform." *Id.* (emphasis omitted). The ALJ therefore concluded that plaintiff was not suffering from a disability as defined by the Social Security Act. *Id.* at 53, 59.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. AR at 1-3, 5. The ALJ's decision stands as the final decision of the Commissioner.

### III.

### STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g) (2010). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing

both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459.  The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

### A. The ALJ Properly Rejected the Opinion of Plaintiff's Treating Physician

Plaintiff contends that the ALJ improperly rejected the opinion of his treating physician, Dr. William M. Costigan, based solely on the opinion of Dr. Maxwell, the ME.  Pl.'s Mem. at 3-4; Reply at 1-2.  Plaintiff maintains that because Dr. Maxwell reached a different conclusion based upon Dr. Costigan's treatment records, Dr. Maxwell's opinion cannot serve as substantial evidence to support the ALJ's rejection of Dr. Costigan's opinion.  *Id.*  The court disagrees and finds that, in addition to citing Dr. Maxwell's opinion, the ALJ provided several other specific and legitimate reasons – supported by substantial evidence – for rejecting Dr. Costigan's opinion.

In evaluating medical opinions, Ninth Circuit case law and Social Security regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians).  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1527(c) (2012) (prescribing the respective weight to be given the opinion of treating sources and examining sources), 416.927(c) (2012) (same).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the

5

claimant." *Lester*, 81 F.3d at 830 (citation omitted); *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987) (citation omitted). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830 (citations omitted).

Where the treating physician's "opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Benton*, 331 F.3d at 1036; *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("While the ALJ may disregard the opinion of a treating physician, whether or not controverted, the ALJ may reject an *uncontroverted* opinion of a treating physician only for clear and convincing reasons." (citation omitted)). "Even if the treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record for doing so." *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted); *accord Reddick*, 157 F.3d at 725. The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

Here, having duly reviewed the record and the parties' written submissions, the court finds that ALJ properly rejected Dr. Costigan's opinion regarding plaintiff's RFC.[2] The ALJ "set[] out a detailed and thorough summary of the facts

---

[2] In an October 5, 2009 Medical Opinion Re: Ability to Do Work-Related Activities (Physical) form, Dr. Costigan opined plaintiff can: occasionally lift and carry twenty pounds; frequently lift and carry less than ten pounds; stand and walk (with normal breaks) about two hours in an eight-hour workday, but must change

6

and conflicting clinical evidence, stat[ed] his interpretation thereof," and concluded that "Dr. Costigan's [RFC] assessment lacks basic indicia of reliability." *See Magallanes*, 881 F.2d at 751 (internal quotation marks and citation omitted); AR at 57. Particularly, the ALJ found that there is no objective evidence to support Dr. Costigan's RFC assessment, and that the "examining and evaluating medical sources are in agreement that [plaintiff's] actual residual functional capacity is significantly greater." *See* AR at 56-57. This is a specific and legitimate reason for rejecting Dr. Costigan's opinion. *See Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discredit treating physician's opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings" (citation omitted)); *Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir. 1988) (ALJ properly rejected treating physician's opinion, which was unsupported by medical findings, personal observations, or test reports).

    First, the ALJ found that Dr. Costigan's October 2009 RFC assessment was very remote, specifically stating that "there is no record of actually him [sic] examining or treating [plaintiff] after July 2008 some 15 months earlier." AR at 56. The record shows that plaintiff only treated with Dr. Costigan twice in 2008 (on June 10 and July 8, 2008), once in 2007 (on January 15, 2007), and seven times in 2006. *Id.* at 211, 212, 213-14, 215, 216-17, 218-20, 221, 222, 223, 224-26, 249,

---

position every ten to fifteen minutes; sit (with normal breaks) about two hours in an eight-hour workday, but must change position every fifteen to twenty minutes; occasionally twist, climb stairs, and climb ladders; never stoop, bend, or crouch; but must avoid concentrated exposure to extreme cold and humidity. AR at 254-56. Dr. Costigan also opined that plaintiff's impairments affect his ability to reach, handle, finger, feel, and push/pull. *Id.* at 255.

250-51. Moreover, as the ALJ noted, "the July 2008 treatment record notes improvement, yet Dr. Costigan now opines that [plaintiff's] impairments are so profound that he is unable to sustain work." *Id.* at 57. During the July 8, 2008 examination (plaintiff's last treatment with Dr. Costigan), Dr. Costigan found: "The patient is better. . . . Physical examination shows a well-developed, well-nourished gentleman in no acute distress. Alert and oriented x4. [Head, eyes, ears, nose, and throat], cardiac, pulmonary and [gastrointestinal] examinations are all normal. Spinal examination shows he has flexion to 40 degrees. Good range of motion of the hips, knees and ankles. 1+ pulses." *Id.* at 211. Dr. Costigan indicated that plaintiff "did really well with the cervical injection," and that he would like to "wean [plaintiff] off the Vicodin" and put plaintiff "back in physical therapy to try . . . [to] avoid a relapse." *Id.* Because Dr. Costigan's RFC assessment is inadequately supported by clinical findings, the ALJ was not required to accept it. *See Batson*, 359 F.3d at 1195; *Thomas*, 278 F.3d at 957; *Burkhart*, 856 F.2d at 1339-40.

Second, Dr. Costigan's RFC assessment is unsupported by the opinions of Dr. Sahniah Siciarz-Lambert (consultative examining physician), Dr. Francis Greene (consultative non-examining physician), and Dr. Maxwell (the ME). Among other things, Dr. Siciarz-Lambert found – based upon a physical and neurological examination on May 8, 2008, and plaintiff's medical history – that: plaintiff is limited to pushing, pulling, lifting, and carrying twenty pounds occasionally and ten pounds frequently; standing, walking, and sitting can be performed without restriction; postural activities can be performed without restriction; plaintiff can climb ladders, walk on uneven terrain, and work at heights without limitations; and plaintiff is not restricted in terms of hearing, seeing, or using both hands for performing fine and gross manipulation. AR at 190-91; *see Magallanes*, 881 F.2d at 751 (examining physician's opinion may constitute substantial evidence if the "nontreating physician relies on independent clinical findings that differ from the

findings of the treating physician" (internal quotation marks and citations omitted)).

Likewise, Dr. Greene found plaintiff less limited than Dr. Costigan opined. Specifically, Dr. Greene found that: plaintiff can occasionally lift and carry twenty pounds and frequently lift and carry ten pounds; plaintiff can stand and walk about six hours in an eight-hour workday; plaintiff can sit about six hours in an eight-hour workday; plaintiff's ability to push and pull is unlimited; plaintiff has no postural, manipulative, visual, communicative, or environmental limitations. AR at 194-96; *see Andrews*, 53 F.3d at 1041-42 (non-examining physician's opinion may constitute substantial evidence only when it is "supported by other evidence in the record and [is] consistent with it"). The ME similarly opined that: plaintiff can occasionally lift and carry twenty pounds; plaintiff can frequently lift ten pounds; plaintiff is able to sit, stand, and walk for six hours; plaintiff is not able to climb ladders, ropes, or scaffolds; plaintiff should avoid unprotected heights and hazardous machinery; and "[p]osturing limited to occasional, and pushing and/or pulling with the upper extremities limited to occasional." AR at 35; *see Andrews*, 53 F.3d at 1041-42. The ALJ found that these opinions are supported by the record. *See* AR at 55.

Accordingly, the ALJ properly rejected Dr. Costigan's opinion regarding plaintiff's RFC.

**B. The ALJ Properly Considered the Medical Expert's Opinion and Provided a Complete and Proper Assessment of Plaintiff's Residual Functional Capacity**

Plaintiff argues that the ALJ, in assessing plaintiff's RFC, failed to consider Dr. Maxwell's testimony that the medical evidence supports plaintiff's symptoms, which resulted in an erroneous RFC. Pl.'s Mem. at 5-7; Reply at 2-3. The court disagrees.

In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms

(including pain) that are reasonably attributed to a medically determinable impairment. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *see* Social Security Ruling ("SSR") 96-5p,[3/] 1996 WL 374183, at *5 (July 2, 1996); 20 C.F.R. §§ 404.1545(a)(3) (2012) (a claimant's assessed RFC is based upon all the relevant evidence in the case record), 416.945(a)(3) (2012) (same).

Here, although Dr. Maxwell testified that the medical evidence supports plaintiff's "symptoms," he did not testify that the medical evidence supports plaintiff's alleged degree of disability. *See* AR at 34-35. In fact, Dr. Maxwell opined that:

> *Based on the record*, in [his] opinion, [plaintiff] would be limited to lifting and/or carrying 20 pounds occasionally, and 10 pounds frequently. He would be able to sit for six hours, stand and/or walk for six hours, no climbing of ladders, ropes, and scaffolds. The avoidance of unprotected heights and hazardous machinery. Posturing limited to occasional, and pushing and/or pulling with upper extremities limited to occasional.

*Id.* at 35 (emphasis added). The ALJ considered and accepted Dr. Maxwell's opinion, finding it consistent with – but more restrictive than – the opinions of Drs. Siciarz-Lambert and Greene. *Id.* at 55. The ALJ also considered, inter alia, plaintiff's "alleged disabling symptoms, including pain, and the allegations regarding his ability to work" in assessing plaintiff's RFC, but properly found them incredible due to lack of supporting medical evidence and inconsistencies in his

---

[3/] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the [Social Security Administration]. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

statements and actions. *Id.* at 57; *see also infra* Part IV.C.

Accordingly, the ALJ did not err in assessing plaintiff's RFC.

## C. The ALJ Properly Discounted Plaintiff's Credibility and Subjective Complaints

Plaintiff argues that the ALJ's reasons for discounting his credibility are not supported by substantial evidence. *See* Pl.'s Mem. at 7-8; Reply at 3-4. Plaintiff maintains that "Dr. Maxwell's hearing testimony that the medical evidence *supported* [plaintiff's] symptoms was not considered by the ALJ. The evidence is significant, and without it, the ALJ's reasoning was unsupported by substantial evidence in the record as a whole." Pl.'s Mem. at 7. Plaintiff further asserts that the ALJ's other reasons, "limited post-onset medi[c]al treatment and no neurological involvement," do not constitute substantial evidence when considered in the context of the record as a whole. *Id.* at 8. The court disagrees. Even if these reasons are not supported by substantial evidence and the ALJ erred in relying on them to discount plaintiff's credibility, such error is harmless because the ALJ provided other clear and convincing reasons that are supported by substantial evidence.

A claimant carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. *Benton*, 331 F.3d at 1040. But once the claimant meets that burden, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("claimant need not present clinical or diagnostic evidence to support the severity of his pain" (citation omitted)).

Instead, once a claimant has met the burden of producing objective medical evidence, an ALJ can reject the claimant's subjective complaint "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton*, 331 F.3d at 1040. The ALJ may consider the following factors

in weighing the claimant's credibility: (1) his or her reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. *Thomas*, 278 F.3d at 958-59. Here, the ALJ did not find evidence of malingering. *See generally* AR at 55-57. Thus, in rejecting plaintiff's credibility, the ALJ was required to articulate clear and convincing reasons. *See Benton*, 331 F.3d at 1040. Having carefully reviewed the record, the court finds that the ALJ provided several clear and convincing reasons for discounting plaintiff's subjective complaints.

First, the ALJ found that "[t]here simply is not enough objective evidence to make [plaintiff's] allegations readily believable on or after his alleged onset date." AR at 57; *see also Batson*, 359 F.3d at 1197 ("the lack of objective medical evidence supporting [a claimant's] claims . . . constitute[s] substantial evidence in support of the ALJ's negative credibility determination"); *Thomas*, 278 F.3d at 959 (lack of objective medical evidence supporting descriptions of pain and limitations negatively affected the claimant's credibility regarding her inability to work). Contrary to plaintiff's contention, this finding by the ALJ is supported by substantial evidence in the record. As discussed above, Dr. Maxwell did not testify that the objective medical evidence supports plaintiff's alleged degree of disability. *See supra* Part IV.B. To the contrary, Dr. Maxwell considered the medical record and found plaintiff capable of performing light work with various limitations. *See* AR at 35. Moreover, the ALJ's finding is supported by the opinions of Dr. Siciarz-Lambert and Dr. Greene. *Id.* at 190-91, 194-96. Although a lack of objective evidence supporting plaintiff's symptoms cannot be the sole reason for rejecting his testimony, it can be one of several factors used in evaluating the credibility of his subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001).

1          Second, the ALJ properly discounted plaintiff's subjective complaints based
2   upon lack of treatment.  *See* AR at 57; *see also Fair v. Bowen*, 885 F.2d 597, 603
3   (9th Cir. 1989) (a factor an ALJ may consider in weighing a claimant's credibility is
4   the claimant's "unexplained, or inadequately explained, failure to seek treatment").
5   Here, the record indicates that plaintiff received treatment twice in 2007 (once with
6   Dr. Costigan on January 15, 2007 and once for cervical injections on February 21,
7   2007), twice in 2008 (for treatment with Dr. Costigan on June 10 and July 8, 2008),
8   once in 2009 for physical therapy, and nothing thereafter.  AR at 181-82, 211, 212,
9   213-14, 241-45; *see generally* AR at 181-256.  The ALJ therefore concluded that
10  plaintiff's sparse treatment from 2007 to 2010 "simply is not consistent with the
11  level of symptoms and limitations [plaintiff] now alleges."  *Id.* at 57.  This is a clear
12  and convincing reason for rejecting plaintiff's credibility.

13         Third, the ALJ properly rejected plaintiff's credibility based upon ordinary
14  techniques of trustworthiness determination, such as inconsistent statements
15  regarding plaintiff's work history.  *See* AR at 57; *see also Thomas*, 278 F.3d at 958-
16  59 (when weighing a claimant's credibility, the ALJ may consider inconsistencies
17  between the claimant's testimony); *Tonapetyan*, 242 F.3d at 1148 (ALJ may engage
18  in ordinary techniques of credibility evaluation, such as considering inconsistencies
19  in a claimant's testimony).  The ALJ noted that despite initially identifying just one
20  past occupation at times material hereto, plaintiff later identified at the hearing
21  several other jobs he performed at times material hereto.  AR at 57.  And despite
22  "initially claim[ing] that he worked as a truck driver, nonstop, from 1990 through
23  2006 earning $50,000 a year, working 60 hours per week," plaintiff's earning
24  records indicate plaintiff earned approximately $50,000, or more, annually only
25  twice and less than $10,000 annually seven times between 1990 and 2006.  *Id.*;
26  *compare id.* at 136, *with id.* at 113.

27         Accordingly, the court finds that the ALJ provided clear and convincing
28  reasons, supported by substantial evidence, for discounting plaintiff's subjective

complaints of pain and limitation.

## V.

## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing this action with prejudice.

Dated: July 27, 2012

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE